IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **ANDREA B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. CBD-19-743** |
| | ) | |
| **ANDREW SAUL,**[1] | ) | |
| | ) | |
| **Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Andrea B. ("Plaintiff") brought this action under 42 U.S.C. § 405(g), 42 U.S.C. 1383(c)(3), as amended, and Sections 205(g) and 1634(c)(3) of the Social Security Act, seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner").[2]  The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA").  Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 14, Plaintiff's Alternative Motion for Remand ("Plaintiff's Alternative Motion"), ECF No. 14, and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 17.  The Court has reviewed the motions, related memoranda, and the applicable law.  No hearing is deemed necessary.  *See* Loc. R. 105.6 (D. Md.).  For the reasons presented below, the Court hereby

---

[1] When this proceeding began, Nancy Berryhill was the Acting Commissioner of the Social Security Administration. On June 17, 2019, Andrew Saul was sworn in as Commissioner and is therefore, automatically substituted as a party.  *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] The Court notes section 205(g) of the Social Security Act was codified into 42 U.S.C. § 405(g); and 1634(c)(3) of the Social Security Act was codified into 42 U.S.C. 1383(c)(3).

**DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

I.     **Procedural Background**

On September 22, 2010, Plaintiff filed for DIB alleging disability beginning March 1, 2010.  R. 159.  Plaintiff alleged disability due to lumbar radicular L5–S1 disc herniation.  R. 129, 141.  Plaintiff supplemented her initial disability report and alleged a change in her condition beginning on February 7, 2011.  R. 142.  Plaintiff claimed that she was diagnosed with diabetes on February 7, 2011.  *Id.*  Plaintiff also claimed that: she was still unable to use her left arm due to surgery that she had on February 18, 2011; she had limited mobility of her neck, left arm, and right leg; she had depression and anxiety; she had severe back and leg pain; and she had asthma and acid reflux.  R. 142.  Plaintiff averred that she supplemented her initial disability report and stated that she had new injuries or conditions since filing.  *Id.*  Beginning on February 18, 2011, Plaintiff reported she had diabetes, RTC repair (rotator cuff repair), arthritis in her neck, and asthma.  R. 142.

Plaintiff's claims were initially denied on March 21, 2011, and upon reconsideration on August 23, 2011.  R. 159.  An administrative hearing was held on November 6, 2012.  R. 159.  On December 11, 2012, Plaintiff's claim for DIB was denied.  R. 166.  Plaintiff sought review by the Appeals Council, which granted Plaintiff's request for review on April 25, 2014, pursuant to "the substantial evidence provision of the Social Security Administration regulations (20 CFR 404.970)."  R. 174.  The Appeals Council vacated the ALJ's hearing decision and remanded the case to an ALJ.  R. 174–176.

On November 5, 2014, a remand hearing was held.  R. 14.  The ALJ stated that:

> In its remand order, the Appeals Council directed the undersigned to (in short): (1) obtain additional evidence concerning the claimant's depression and anxiety disorder; (2) evaluate the claimant's mental impairment in accordance with the special technique described in 20 CFR 404.1520a; (3) further evaluate the claimant's subjective complaints of pain and use of pain medication and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms (20 CFR 404.1529 and Social Security Ruling 96-7p); (4) give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations (Social Security Ruling 96-8p); and (5) if warranted by the expanded record, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14).

R. 14.  On January 27, 2015, the ALJ denied Plaintiff's DIB claim.  R. 25.  Plaintiff sought review by the Appeals Council, which concluded on April 26, 2016, that there was no basis for granting the request for review.  R. 1.  Plaintiff exhausted all administrative appeals and on June 28, 2016, she filed a complaint with this Court (Civil Action Number 1:16-cv-02407).  R. 1126–1127, 1139.  On March 27, 2017, this Court remanded the case to the Commissioner for further administrative action. ECF No. 17, R. 1136.  The Appeals Council noted that:

> The hearing decision does not contain an adequate evaluation of whether the severity of [Plaintiff's] back impairment met or equaled Listing 1.04A.  There is a significant amount of medical evidence indicating that the severity of [Plaintiff's] back impairment is close to meeting or equaling the requirements of the [l]isting, but the ALJ did not specifically consider whether the [l]isting was met or equaled.

R. 1142.

On February 14, 2018, the ALJ denied Plaintiff's DIB claim.  R. 1065. Plaintiff sought review by the Appeals Council, which concluded on February 4,

2019, there was no basis for granting the request for review.  R. 1043.  Plaintiff has now filed a second appeal with this Court.  ECF No. 1.

**II.     Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.*  ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163, 164 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence." *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented below *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence."  *Hays*, 907 F.2d at 1456 (citations

omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) (2012). The Code of Federal Regulations outlines a five-step process (Five–Step Analysis) that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i) (2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509], or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. § 404.1520(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. § 404.1520(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

20 C.F.R. § 404.1520(a)(4) (2012). Plaintiff has the burden to prove that she is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. § 404.1545(b)–(c) (2012). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 404.1545(a) (2012). The ALJ must present a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*

*v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

**III.   Analysis**

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis.  R. 1056 1065.  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from March 1, 2010 through December 31, 2013.[3]  R. 1056.  At step two, under 20 C.F.R. § 404.1520(c), the ALJ determined that Plaintiff had the following severe impairments: L5–S1 herniation, cervical degenerative disc disease, left rotator cuff tear, migraine headaches, and obesity.  *Id.*  The ALJ found that "all other medically determinable impairments alleged and found in the record were nonsevere because they did not exist for a continuous period of twelve months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations." (citations omitted).  *Id.*  At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526)."  R. 1057.  Before turning to step four, the ALJ determined that from March 1, 2010 through December 31, 2013, Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following additional limitations:

> [Plaintiff] was able to lift, carry, push, and/or pull up to 20 pounds occasionally and up to 10 pounds frequently, and sit for six hours in an eight-hour workday, but stand and/or walk only four hours in an eight-hour workday, with the option to alternate between sitting and stand [sic] on an hourly basis.  [Plaintiff] was able to occasionally kneel, crouch, stoop, and climb stairs, but was not able to climb ladders or scaffolds or crawl.  With the left, non-dominant upper extremity, she was able to reach overhead only occasionally and reaching up to shoulder level frequently.  [Plaintiff] had no limitations with reaching with the right, dominant upper extremity.

---

[3] At the hearing on November 1, 2017, Plaintiff requested a closed period of disability from March 1, 2010 to December 31, 2013.  R. 1053.


> [Plaintiff] had to avoid all exposure to vibration and had to avoid operating heavy equipment and unprotected heights.

R. 1059.  At step four, the ALJ determined Plaintiff was able to perform her past relevant work as a substance abuse or addiction counselor, and a general office clerk.  R. 1063.  The ALJ also noted that there were other jobs in the national economy that Plaintiff could perform.  *Id.*  Consequently, the ALJ found that "[Plaintiff] has not been under a disability, as defined in the Social Security Act, from March 1, 2010–December 31, 2013, through the date of this decision."  R. 1065.

On appeal, Plaintiff argues that the Court should reverse the final decision of the ALJ, or in the alternative, remand the case to the Commissioner for further proceedings, alleging that Defendant's final decision is not supported by substantial evidence.  Pl.'s Mem. in Supp. of Pl.'s Mot. 4, 5, 10.  ECF No. 14–1.  For the reasons set forth below, the Court **REVERSES** the ALJ's decision and **REMANDS** the matter for further proceedings.

Plaintiff contends that "the ALJ erred at step three of the sequential evaluation by failing to properly evaluate whether Plaintiff's impairments met or equaled Listing 1.04A." [4]  *Id.* at 10.  Specifically, Plaintiff avers that:

> The ALJ found that Plaintiff's severe spinal disorder did not meet or medically equal Listing 1.04A solely because '[s]he did not have significant deficits in motor, reflex and sensory function' and 'no significant problems with range of motion' (citations omitted). *Id.* at 16.  This rationale is not substantial evidence to dispose of Listing 1.04A, as the ALJ required Plaintiff to satisfy a heightened burden of proof no longer required by this listing.

*Id.*  Defendant counters that Plaintiff failed to show that she meets all the requirements of Listing 1.04A.  Def.'s Mem. in Supp. of Def.'s Mot. 4, ECF No. 17–1.  This Court agrees with Plaintiff.

---

[4] Since Plaintiff's only issue concerns Listing 1.04A, the Court declines to address Plaintiff's other impairments that were alleged in her disability application.

At step three of the ALJ's Five–Step Analysis, the ALJ must assess a claimant's impairments or combination of impairments and determine whether they are of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If a claimant's condition meets or equals the listed impairments, she is entitled to a conclusive presumption that she is disabled within the meaning of the SSA. *Taylor v. Colvin*, No. ADC-15-2204, 2016 WL 3190637, at *6 (D. Md. June 6, 2016) (citing *Bowen v. City of New York*, 476 U.S. 467, 471 (1986)). Listing 1.04A is the regulation that "identif[ies] disorders of the spine that merit a conclusive presumption of disability and an award of benefits." *Radford v. Colvin*, 734 F.3d 288, 290 (4th Cir. 2013). According to the regulation, an individual must have a "[d]isorder the spine . . . resulting in compromise of a nerve root . . . or the spinal cord." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04A; *Taylor v. Colvin*, 2016 WL 3190637, at *6. In addition, Plaintiff must show evidence of:

> (1) nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back; (4) positive straight-leg raising test (sitting and supine).

*Id.* "The burden of proof is on [Plaintiff] to show that [she] meets all of the specified medical criteria." *Hepding v. Comm'r, Soc. Sec. Admin.*, No. ADC-17-3697, 2018 WL 6172497, at *6 (D. Md. Nov. 11, 2018) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). In addition to showing the presence of each symptom, Plaintiff must show that she "has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." *Radford*, 734 F.3d at 294. A claimant need not show the symptoms were present "simultaneously," in close proximity to one another, or even uninterrupted; rather, they may be intermittent and a claimant may "prove a chronic condition by showing that he experienced the symptoms 'over a

period of time,' as evidenced by 'a record of ongoing management and evaluation.'" *Id.* (citations omitted).

      As stated above, the ALJ found at step two that L5–S1 herniation and cervical degenerative disc disease were severe impairments. R. 1056. The ALJ noted that "[these] impairments . . . were demonstrable by medically acceptable clinical or laboratory diagnostic techniques. These medically determinable impairments and their symptoms also significantly limited the [Plaintiff's] ability to perform basic work activities." R. 1056. Yet, at step three, the ALJ concluded that neither L5–S1 herniation or cervical degenerative disc disease were severe impairments. R. 1057. In his step three analysis, the ALJ discussed that "[a]lthough severe, these impairments are not attended with the medical signs, symptoms, laboratory findings, or degree of functional limitation required to meet or equal the requirements set forth in the Listing of Impairments . . .". R. 1057–1058. The ALJ also concluded that "[n]o acceptable medical source designated to make equivalency findings has concluded that [Plaintiff's] impairments medically equaled a listing either." R. 1058. The ALJ found that "[Plaintiff's] spinal disorders did not reach the severity of [Listing 1.04A] because she did not have significant deficits in motor, reflex and sensory function . . .". R. 1058. The ALJ agreed with medical expert Peter Schosheim, who testified that "there was a lack of neurological and physical examination findings, including no significant problems with range of motion, that would have supported a finding that these listings were medically equaled [sic] . . .". R. 1059. The Court finds that the ALJ erred by finding Plaintiff's impairments did not meet Listing 1.04A because "she did not have significant deficits in motor, reflex and sensory function," and by adopting Dr. Schosheim's testimony, which stated, "[Plaintiff had] no significant problems with range of motion."

In 2001, the SSA revised the medical criteria of Listing 1.04A. *See* Revised Medical Criteria for Determination of Disability, Musculoskeletal System, and Related Criteria, 66 FR 58010-01, 2001 WL 1453802, *at 58011 "([w]e are revising the criteria in the Listing of Impairments (the listings) that we use to evaluate musculoskeletal impairments in adults and children who claim Social Security or Supplemental Security Income (SSI) benefits based on disability under titles II and XVI of the Social Security Act (the Act)). The revisions reflect advances in medical knowledge, treatment, and methods of evaluating musculoskeletal impairments." *Id.* Of note is that the SSA, "removed the requirement . . . that limitation of motion of the spine be 'significant.'" The Social Security administration reasoned that "[the] requirement is imprecise," and that "[they] would consider any limitation of motion to be significant if it were accompanied by the other requirements of the final listing." *Id.* at 58018.

As Plaintiff notes, this Court discussed this issue in *Walker v. Colvin*, No. CV CBD-15-2293, 2016 WL 8669936, at *4 (D. Md. July 15, 2016).[5] Pl.'s Mem. in Supp. Of Pl.'s Mot. 17. In that case, the plaintiff argued that "the ALJ did not support his step three analysis with substantial evidence because he summarily dismissed Plaintiff's condition as 'mild' without explaining his rationale." *Walker v. Colvin*, 2016 WL 8669936, at *3. This Court found persuasive the plaintiff's argument in *Walker* and remanded the case to the ALJ, finding that:

> The ALJ erroneously considered that Plaintiff needed to suffer 'significantly' from these ailments to meet Listing 1.04A. Listing 1.04A does not provide that Plaintiff's weakness or sensory loss needs to be significant. The Social Security Administration revised the medical criteria for determination of disability in 2001 and eliminated the word 'significant 'from the limitation of motion requirement in Listing 1.04A.

*Id.* at *5 (internal citations omitted). This Court determined that "the ALJ improperly concluded that since Plaintiff's functional limitation was on the 'milder side,' he did not meet Listing

---

[5] The Court notes that the case law is scarce on this issue.

1.04A. *Id.* This Court finds that the ALJ in the instant case committed the same reversible error. Accordingly, the ALJ's requirement that Plaintiff's deficits in motor, reflex and sensory function and her range of motion be "significant," requires remand.

Plaintiff also alleges that "the objective examination findings during the relevant period of alleged disability document all of the requirements necessary to meet Listing 1.04A." Pl.'s Mem. in Supp. of Pl.'s Mot. 18. Although, "it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact," *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)), Plaintiff's argument has merit. For instance, "[i]dentification of a specific listing indicates that there is ample evidence that the claimant might meet the listing." *See Paxton v. Colvin*, No. BPG-15-3454, 2016 WL 6698902, at *2 (D. Md. Nov. 15, 2016) (citing *Kosisky v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-2403, 2016 WL 2588164, at *5 (D. Md. May 4, 2016). There is also evidence in the record to suggest Plaintiff's contentions are accurate. Plaintiff points out several medical records that she alleges show that she meets Listing 1.04A. Pl.'s Mem. in Supp. of Pl.'s Mot. 18–21. For example, Plaintiff points to neurologic exams conducted on March 22, 2010, and May 6, 2010 that suggest Plaintiff had positive straight leg raising in the sitting and supine positions. R. 463, 467, 542, 732. Plaintiff cites that lumbar spine evaluations conducted on March 17, 2010, June 4, 2010, and June 7, 2010 revealed that Plaintiff suffered from L5–S1 disc herniation and lumbar radiculopathy. R. 529, 537, 538, 559, 565, 600, 718, 728. Plaintiff also points to evidence that suggests Plaintiff's range of motion was limited. On June 7, 2010 and July 19, 2010, medical examinations of the thoracolumbar spine revealed that Plaintiff's range of motion of her lumbar spine showed moderate restriction of range of motion in all planes. R. 528, 535, 717.

Plaintiff makes several other allegations that shows she meets Listing 1.04A.  The Court notes that it is not "step[ping] into the impermissible role of weighing or reweighing the evidence." *Christina M. v. Berryhill*, No. CV CBD-17-2540, 2019 WL 1040485, at *6 (D. Md. Mar. 5, 2019) (citing *Hays,* 907 F.2d at 1456).  However, the ALJ should address Plaintiff's arguments and properly evaluate the medical records on remand.

Accordingly, remand is appropriate in these circumstances.  Upon remand the ALJ should reassess the evidence and use substantial evidence to properly evaluate whether Plaintiff's impairments meet or equal Listing 1.04A.

**IV.     Conclusion**

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.

March 19, 2021                                              /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge

CBD/pjkm